UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZMCC PROPERTIES, LLC,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

        Case No. 3:19-cv-12428-RHC-EAS
        Hon. Robert H. Cleland
        Mag. Judge Elizabeth A. Stafford

PRIMEONE INSURANCE COMPANY,
a California corporation,

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

NOW COMES Plaintiff, ZMCC PROPERTIES, LLC, by and through its attorneys, FABIAN, SKLAR, KING & LISS, P.C., and for the reasons set forth more fully in Plaintiff's attached brief, Plaintiff respectfully requests this Honorable Court to grant partial summary judgment in its favor pursuant to Fed. R. Civ. P. 56 and enter an order declaring the following:

(1)    that Endorsement #04 to the subject policy of insurance, which mutually modified the parties' contract to add Plaintiff as a Lender's Loss Payable loss payee to the policy of insurance, is enforceable;

(2)    that Endorsements #05 and #06, which unilaterally modified the parties' contract and purportedly voided Endorsement #04 and added Plaintiff as a

Contract of Sale loss payee to the policy of insurance, are invalid and unenforceable; and,

(3)    any further relief the Court deems equitable and just under the circumstances.

In accordance with E.D. Mich. L.R. 7.1(a), the undersigned counsel contacted Defendant's counsel on October 28,  2020 to explain the nature of this Motion and its legal basis and request concurrence in the relief sought; however, Defendant did not concur in the relief requested.

Respectfully submitted,

*/s/ Jason J. Liss*
Jason J. Liss (P48742)
**Fabian, Sklar, King & Liss, P.C.**
Attorneys for Plaintiff
33450 W. Twelve Mile Road
Farmington Hills, MI  48331
(248) 553-2000
jliss@fabiansklar.com

Dated:  October 28, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZMCC PROPERTIES, LLC,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

PRIMEONE INSURANCE COMPANY,
a California corporation,

        Defendant.

Case No. 3:19-cv-12428-RHC-EAS
Hon. Robert H. Cleland
Mag. Judge Elizabeth A. Stafford

_____/

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## PURSUANT TO FED. R. CIV. P. 56

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Whether Endorsement #04, which mutually modified the parties' contract to add Plaintiff as a Lender's Loss Payable loss payee to the policy of insurance, is enforceable.

> Plaintiff answers "Yes"
>
> Defendant answers "No"
>
> The court should answer "Yes"

2.      Whether Endorsements #05 and #06, which are not signed by Plaintiff and attempted to unilaterally modify the parties' contract to void Endorsement #04 and to add Plaintiff as a Contract of Sale loss payee to the policy of insurance, are invalid and unenforceable.

> Plaintiff answers "Yes"
>
> Defendant answers "No"
>
> The court should answer "Yes"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT**

*Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 364, 666 N.W.2d 251, 253 (2003)

MCL 566.1

## I.     __INTRODUCTION__

At issue in this motion is the validity of two modifications to the *Loss Payable Provisions* of the parties' insurance contract.  The first modification at issue is an endorsement adding Plaintiff as a Lender's Loss Payable loss payee to the policy of insurance.  The Lender's Loss Payable clause of the policy's *Loss Payable Provisions* operates as a standard mortgage clause and protects the loss payee's independent right to payment from the named insured's misconduct.  This modification was mutual, in writing and signed by Defendant.  For these reasons, it is enforceable.

Several months after issuing the above endorsement, as Defendant was preparing to deny the named insured's claim, Defendant unilaterally attempted to strip Plaintiff of its Lender's Loss Payable coverage.  Hours before denying the named insured's claim and accusing its principal of misconduct, Defendant issued endorsements purporting to void, replace and reduce Plaintiff's Lender's Loss Payable coverage with coverage as a Contract of Sale loss payee.

Unlike the coverage afforded under the Lender's Loss Payable clause, a Contract of Sale loss payee's right to payment is derivative of the named insured's claim.  By stripping Plaintiff of its Lender's Loss Payable coverage in conjunction with denying the named insured's claim, Defendant was manifestly attempting to extinguish its liability to Plaintiff.  However, bedrock principles of contract

formation prohibit the validity of unilateral modifications.  Moreover, applicable statutory law precludes the enforceability of modifications unsupported by consideration unless signed by the party against whom it is to be enforced. Defendant's modification purporting to strip and replace Plaintiff's Lender's Loss Payable coverage was made without consideration and was not signed by Plaintiff. Therefore, in addition to being unilateral, it is unenforceable on these grounds.

## II.   **STATEMENT OF MATERIAL FACTS**

1.    On March 28, 2016, ZMCC, Inc. and Plaintiff ZMCC Properties, LLC entered into a sales agreement to sell the business and building located at 19326 Conant in Detroit, MI to Edition BC Owners, LLC ("Edition") and Conant Property Management, LLC ("Conant"), respectively, for a total of $1.37 million. (Agreement of Sale Personal Property and Real Estate, Appdx Ex. 1).

2.    The deal closed on October 17, 2016, with Edition's execution of a $690,000 Promissory Note and Security Agreement for the purchase of the business and with Conant's execution of a $600,000 land contract and escrow of an executed Warranty Deed for the purchase of the building.  (Promissory Note and Security Agreement, Appdx Ex. 2; Land Contract, Appdx Ex. 3; and, Executed Warranty Deed and Escrow Agreement, Appdx Ex. 4).

3.    The Land Contract between Plaintiff and Conant contains provisions that obligated Conant, as purchaser, and Edition, as guarantor, to insure the building

for the benefit of Plaintiff:

> Premises Insured:  "Purchaser Agrees ... at all times to keep the buildings now or hereafter on the land insured against loss and damage, in manner and to an amount approved by Seller ... Seller shall be named as an additional insured on the Insurance policy." (Appdx Ex. 3, pp. 2-3);

> Disposition of Insurance Proceeds:  "The Parties agree ... that during the existence of this Contract, any proceeds received from a hazard insurance policy covering the land shall first be used to repair the damage and restore the property, with the balance of such proceeds, if any, being distributed to Seller and Purchaser, as their interests may appear."  (Appdx Ex. 3, p. 3); and,

> Additional Security:  "The parties agree ... Additional security shall include the personal guarantee of EDITION BC OWNERS, LLC, assignment of rents, cross collateral and cross default provision in the Land Contract and the documents securing the business debt."  (Appdx Ex. 3, pp. 4-5).

4.     On October 10, 2016, the Bencivenga Insurance Agency, Inc. / Wholesale Insurance Agency ("the Agent"), acting on Edition's behalf, emailed an unsigned Acord Commercial Insurance Application to Defendant PrimeOne Insurance Company ("PrimeOne") requesting a quote for Property and Commercial General Liability insurance.  (2016 Request for Quote, Appdx Ex. 5).

5.     The unsigned Acord application submitted on that date consisted of two separate and distinct sections:  (1) *Property Section* and (2) *Commercial General*

3

*Liability Section*.[1]  (*Id.*)

6.     ZMCC Properties was identified as an "Additional Interest" in both sections:

   (a)   as a "Mortgagee" and "Loss Payee" in the *Property Section*; and,

   (b)   as an "Additional Insured" and "Loss Payee" in the *Commercial General Liability Section*.  (*Id.*)

7.     PrimeOne responded with a Quote to Bind, which the Agent signed and returned on October 13, 2016, together with a signed copy of the *Applicant Information Section* that was referenced but omitted from the Agent's request for a quote.  (2016 Application for Insurance, Appdx Ex. 6).

8.     The signed *Applicant Information Section* identified Plaintiff's "Additional Interest" as "Additional Insured" and "Loss Payee."  (*Id.*)

9.     The signed *Applicant Information Section* referenced "Commercial General Liability" and "Property" as "Sections Attached," though neither were signed and returned by the Agent's October 13, 2016 request to bind coverage.  (*Id.*)

10.     Shortly after receiving the Agent's request to bind, Defendant issued Commercial Package Policy no. PPK0002242-16, naming Edition BC Owners, LLC as the insured and insuring, *inter alia*, the building located at 19326 Conant Street

---

[1]     The Agent's email indicates an *Applicant Information Section* was also attached, but the attachments to the actual email instead contain a duplicate copy of the *Commercial General Liability Section*.

4

in Detroit, Michigan ("the Building") from October 13, 2016 to October 13, 2017. (2016-2017 Insurance Policy Declarations and Endorsements, Appdx Ex. 7).

11.    The 2016-2017 policy included endorsements insuring Plaintiff as "Additional Insured" under the Commercial General Liability (CGL) coverage form and as "Loss Payable" under the Property coverage form.  (*Id.*)

12.    The following year, on October 11, 2017, Defendant sent the Agent a *Revised Renewal Quote*, which indicated an Acord application would not be acceptable, and a signed "PrimeOne Application" would be required.  (PrimeOne Insurance Renewal Quote, Appdx Ex. 8).

13.    The following day, the Agent returned a signed copy of the quote, together with signed copies of PrimeOne's "Package Application" and "Liquor Liability Application."  (2017 Insurance Applications, Appdx Ex. 9).

14.    The Agent failed to identify Plaintiff as having an "Additional Interest" in the Package application.  (*Id.*)

15.    Defendant thereafter issued Commercial Package Policy no. PPK0001364-17, which did not insure Plaintiff's interest in the covered property under either the Property or Commercial General Liability coverages.  (2017-2018 Insurance Policy Declarations, Appdx Ex. 10).

16.    On March 7, 2018, the Building at 19326 Conant was damaged by an incendiary fire.  (ECF No. 28, PageID.732, ¶17).

17.    On March 15, 2018, a week after the subject fire, the Agent sent an email to Defendant requesting that Plaintiff be added as a "Mortgagee" and "Loss Payee" to the 2017-2018 renewal policy because "[t]hey were on the 2016 -2017 policy but was [sic] missed when the policy renewed."  (03/15/18 Emails between Agent and PrimeOne, Appdx Ex. 11).

18.    After being advised the request would be placed under review, the Agent clarified that "ZMCC Properties LLC is a mortgagee (they have a land contract) and a loss payee." (*Id.*)

19.    On March 16, 2018, Defendant agreed to add Plaintiff to the policy as "Loss Payee/Mortgagee as requested" and issued Endorsement - #01, adding Plaintiff as a "Mortgagee" to the CGL coverage, and Endorsement - #02, adding ZMCC as "Loss Payable" to the Property coverage.  (03/16/18 PrimeOne Insurance email to Agent, Appdx Ex. 12).

20.    Nearly a year later, on March 1 and again on March 15, 2019, Plaintiff notified Defendant of its intent to pursue a claim under the insurance policy's mortgage clause.  (03/01/19 Email and 03/15/19 Text Message to Defendant's counsel, Appdx Ex. 13).

21.    On or about March 18, 2019, the parties' respective counsel discussed Plaintiff's claim and status on the policy and Defendant's counsel expressed his belief that Defendant intended to treat Plaintiff as a mortgagee under the policy for

purposes of the claim. (Plaintiff's counsel 06/13/19 correspondence to Defendant's counsel, Appdx 14).

22. Defendant's internal emails from March 9, 2019 and March 26, 2019 confirm that Defendant did indeed intend to treat Plaintiff as a mortgagee for purposes of the claim. (03/08/19 and 03/26/19 PrimeOne Internal Emails, Appdx Ex. 15).

23. On March 26, 2019, Defendant issued Endorsement - #04, modifying the parties' contract to add Plaintiff as a Lender's Loss Payable under the Building and Personal Property Coverage Form from the renewal policy's date of inception. (PrimeOne Insurance Endorsement - #04, Appdx Ex. 16).

23. Two months later, on May 24, 2019, Defendant's President of Operations sent an email to the Agent affirming Plaintiff's coverage as a Lender's Loss Payable loss payee. (05/24/19 PrimeOne Email to Agent, Appdx Ex. 17).

24. Two weeks later, on June 12, 2019, Defendant made the decision to deny the named insured's, Edition BC Owners, LLC's, claim. (06/11/19 and 06/12/19 PrimeOne Internal Emails, Appdx Ex. 18).

25. Hours before authorizing the denial of the named insured's claim, Defendant's President of Operations authorized the issuance of Endorsements #05 and #06, which purported to void Endorsement - #04 and add Plaintiff as a Contract of Sale loss payee to the policy of insurance's *Loss Payable Provisions*. (*Id.*;

7

Endorsement - #05, Appdx Ex. 19; Endorsement - #06, Appdx Ex. 20).

26.    The next day, on June 13, 2019, Defendant issued a letter denying the named insured's claim and accusing Edition BC Owners, LLC's sole member of arson and fraud. (Claim Denial Letter, Appdx Ex. 21).

27.    On June 18, 2019, Plaintiff demanded payment under the Lender's Loss Payable clause of the policy of insurance's *Loss Payable Provisions*, which Defendant, through its counsel, refused on June 24, 2019 based on its unilateral determination that Plaintiff's coverage as a Lender's Loss Payable loss payee should be replaced with coverage as a Contract of Sale loss payee.  (Plaintiff counsel's 06/18/19 correspondence to Defendant's counsel, Appdx Ex. 22; Defendant counsel's 06/24/19 correspondence to Plaintiff's counsel, Appdx Ex. 23).

## II.    <u>LAW AND ARGUMENT</u>

Plaintiff brings this motion pursuant to Fed. R. Civ. P. 56 seeking to enforce Endorsement #04, which was a mutual modification of the parties' contract that added Plaintiff as a Lender's Loss Payable loss payee to the *Loss Payable Provisions* of the subject policy of insurance.  The undisputed material facts further establish that Endorsements #05 and #06, which purportedly voided Endorsement #04 and added Plaintiff as a Contract of Sale loss payee to the policy of insurance, were issued without Plaintiff's knowledge or consent and were unilateral modifications to the parties' contract, unsigned by Plaintiff, that are invalid and unenforceable.

Because the material facts are not in dispute, the Court may rule as a matter of law.  Summary judgment is appropriate if the moving party demonstrates there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### A.   <u>Endorsement #04 is the product of the parties' mutual modification of their insurance contract and is enforceable.</u>

It is a fundamental principle of contract law that the parties are free to mutually waive or modify their contract.  *Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 364, 666 N.W.2d 251, 253 (2003).  The party seeking to enforce a modification to the parties' contract must establish by clear and convincing evidence the existence of a written or oral agreement to modify the contract, or affirmative conduct that establishes the mutual agreement to the modification.   *Id.* at 364-365.  A mutual modification that is in writing and signed by the party against whom it is to be enforced requires no consideration:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding unless it shall

9

be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge.

MCL 566.1.

In this case, a week after the fire loss giving rise to this action, the insurance agent who procured the policy of insurance recognized that Plaintiff had been omitted mistakenly from the 2017-2018 renewal policy and requested that Plaintiff be added to the policy, from inception, as a "mortgagee" and "loss payee":

| From: | Maria <maria@michiganinsurancedirect.com> |
|---|---|
| Sent: | Thursday, March 15, 2018 9:28 AM |
| To: | 'agencyservices@primeoneinsurance.com' |
| Subject: | PPK0001364-17 |

Effective 1013/17 please add ZMCC PROPERTIES LLC, 35517 PARK PLACE, STERLING HEIGHTS, MI 48310 AS MORTGAGE & LOSS PAYEE. They were on the 2016 – 2017 policy but was missed when the policy renewed.

Thank you,

*Maria Betrus*

**Bencivenga Insurance/Wholesale Insurance Agency**
**31313 Northwestern Hwy Suite 218**
**Farmington Hills, MI 48334**

**p. 248.644.9122**
**f.  248.644.6422**
maria@michiganinsurancedirect.com

* * *

| From: | Maria <maria@michiganinsurancedirect.com> |
|---|---|
| Sent: | Thursday, March 15, 2018 3:10 PM |
| To: | 'Stacey Schwenk' |
| Subject: | FW: erotic city |
| Attachments: | PPK0002242-17 (Erotic City).pdf |

Hi Stacey,

So I checked with John and this is how it should be. Conant Property Management LLC is an additional insured. ZMCC Properties LLC is a mortgagee (they have a land contract) and a loss payee.

Thank you,

*Maria Betrus*

**Bencivenga Insurance/Wholesale Insurance Agency**
**31313 Northwestern Hwy Suite 218**
**Farmington Hills, MI 48334**

**p. 248.644.9122**
**f.  248.644.6422**
maria@michiganinsurancedirect.com

10

(See Appdx Ex. 11).

Defendant's President of Operations, Stephen Greenfield, who authorized the request, has testified he understood the Agent was requesting that Plaintiff be added as a "mortgagee" and "loss payee" to the policy's Property coverage, not the policy's Commercial General Liability (CGL) coverage:

> Q.      You understood at this point that a loss on the property side had occurred, and there was a request from the agent to put ZMCC Properties back on, and she says as mortgagee and loss payee. That's what she states, correct?
>
> **A.      Correct.**
>
> Q.      Any reason to believe that she's asking anything about CGL at this point?
>
> **A.      No.**
>
> * * *
>
> Q.      Okay.  In the context of this email, though, you understand that the lady from the agency is saying that she would like to have ZMCC Properties endorsed onto the property coverage as a mortgagee and a loss payee, correct?
>
> **A.      For ZMCC, right.**

(S. Greenfield dep., pp. 81:10-81:18, 82:18-82:23, Appdx Ex. 24).  Unfortunately, that is not what happened.  Contrary to what was requested, Defendant endorsed Plaintiff onto the Property coverage as a "Loss Payable" and onto the CGL coverage as a "Mortgagee."  (See Appdx Ex. 7).

Mr. Greenfield acknowledged that endorsing Plaintiff as a "mortgagee" on the CGL coverage was an error:

11

Q.   So in any case, if the intent was to give them what they had before, this is a different form.  You didn't give them the same form.  Why is that?

**A.   That was obviously in error.  So that would be up to the agent to say, oops, sorry, used the wrong form.  You should be adding what was on the 2016 policy.**

Q.   Unless that's not what the agent was actually requesting, correct?

**A.   Unless it wasn't what the agent was requesting.**

Q.   Right.

**A.   But still the onus is on him to say no, no, no, I didn't want the CGL mortgagee version.  I wanted last year's or I wanted this to pertain to property coverage.**

(S. Greenfield dep., pp. 91:23- 92:11, Appdx Ex. 24).  Unfortunately, the Agent did not catch the error.

A year later, in March 2019, as Defendant's investigation of the named insured's claim was proceeding, Plaintiff's counsel notified Defendant that Plaintiff was making a claim under the policy's mortgage clause.  (See Appdx Ex. 13). Defendant's contemporaneous internal emails document Defendant's recognition of the errors made in writing Plaintiff's coverage and on March 26, 2019, and consistent with Plaintiff's request to make a claim under the policy of insurance's mortgage clause, Mr. Greenfield authorized Defendant's underwriter to issue an endorsement adding Plaintiff as a Lender's Loss Payable under the policy's *Loss Payable Provisions*:

12

**From:** Tracey Carter <tcarter@primeoneinsurance.com>
**Sent:** Friday, March 08, 2019 9:19 AM
**To:** Stephen Greenfield <sgreenfield@primeoneinsurance.com>
**Subject:** Edition BC LLC, DBA: Erotic City / GL180022

Steve,

When you have time, we need to discuss the subject matter, which if you will recall is a large fire loss that occurred on 3/7/2018. In anticipation of and for your preparation of same, following is some background information relating to the issue/question we need to discuss, which is posed at the end of this email.

- We were originally provided with the attached policy containing the wrong policy number of PPK0001364-17 and which did not include ZMCC Properties LLC as a Mortgagee or a loss payee, but apparently should have, according to the attached email, as the previous year's policy supposedly did list them as such and apparently that information was not pulled forward onto the renewal policy.

- We were subsequently, after my inquiry via email, provided with the attached Declaration pages containing policy number PPK0002242-17 which apparently is the correct policy number. We were also provided with the attached endorsements at that time which added ZMCC Properties LLC as a Mortgagee and a Loss Payee.

However, if my understanding of the endorsement is correct, ZMCC Properties LLC has been added as a Mortgagee on the Liability coverage portion of the policy and as a Loss Payee, not a Mortgagee/Lenders Loss Payee, on the Property coverage portion of the policy. If I am correct in this regard, then should ZMCC Properties LLC have been listed as a Mortgagee/Lenders Loss Payee on the Property portion of the policy?

Please call me when you are available to discuss.

Thanks,

\* \* \*

**From:** Tracey Carter <tcarter@primeoneinsurance.com>
**Sent:** Tuesday, March 26, 2019 12:12 PM
**To:** Stephen Greenfield <sgreenfield@primeoneinsurance.com>
**Cc:** Stacey Schwenk <sschwenk@thorsoninsurance.com>; Arlene Carone <acarone@primeoneinsurance.com>
**Subject:** Edition BC, LLC / GL180022 / PPK0002242-17

Steve,

This will confirm our conversation of today that the subject policy should be endorsed to include the following parties as lender's loss payees with regard to property:

Conant Property Management LLC
ZMCC Properties LLC

Also, per our discussion this endorsement should be dated back to the date of the policy renewal.

Regards,

\* \* \*

| | |
|---|---|
| **From:** | Stephen Greenfield <sgreenfield@primeoneinsurance.com> |
| **Sent:** | Tuesday, March 26, 2019 1:11 PM |
| **To:** | Stacey Schwenk; Kelly Gros |
| **Subject:** | RE: Edition BC, LLC / GL180022 / PPK0002242-17 |
| | |
| **Categories:** | Endorsements, Prime One |

Stacey, please consider this the confirmation, Thanks

Stephen Greenfield

(See Appdx Ex. 15).

* * *



**ENDORSEMENT- #04**

This endorsement, effective on **10/13/2017** at 12:01 A.M. standard time, forms a part of Policy No. **PPK0002242-17** of the PRIMEONE INSURANCE COMPANY

Issued to: **Edition BC Owners LLC DBA: Erotic City**

In consideration to the additional premium charge, it is hereby understood and agreed that this policy is amended to reflect:

Location: # 1 Building #1
19326 Conant St.
Detroit, MI. 48234

Add: Lender's Loss Payee
ZMCC Properties LLC
36617 Park Place
Sterling Heights, MI 48310

Add: Lender's Loss Payee
Conant Property Management LLC
19326 Conant St.
Detroit, MI 48234

The above change results in no additional premium.

All other terms and conditions remain the same.

Authorized Representative

Issued 03/27/2019
KC

(See Appdx Ex. 16).

Two months later, on May 26, 2019, in an email to the Agent, Mr. Greenfield recounted the inaccuracies in the renewal policy and affirmed Defendant's intent to

14

cover Plaintiff's interest as a Lender's Loss Payable loss payee:

| From: | Stephen Greenfield <sgreenfield@primeoneinsurance.com> |
|---|---|
| Sent: | Friday, May 24, 2019 11:45 AM |
| To: | Gian Bencivenga (gianb@comcast.net) |
| Cc: | Tracey Carter |
| Subject: | Regarding Claim on Editions BC, LLC / GL180022 / Policy Numbers PPK0002242-16 & PPK0002242-17 |

Gian,

Since you and I have not connected regarding the above, I am writing to you to provide detail about the challenges of the original application and information provided to PrimeOne regarding the above Subject. The Loss Payees information on the original submission and issued policy (PPK0002242-16) and the renewal policy (PPK0002242-17) seem to be inaccurate, through our claims department investigation, we have concluded that the loss payees that should have been listed on the PPK0002242-16 policy and carried over onto the PPK0002242-17 policy are as follows:

- ZMCC Properties LLC should have been listed as a Lenders Loss Payee, not as a Loss Payee and
- Conant Property Management should have been listed as a Loss Payee, not as a Mortgage Holder.

If we do not hear from you to the contrary by no later than May 29th, 2019, the PrimeOne will need to take steps to correct above mentioned policies (PPK0002242-16 & PPK0002242-17).

In addition, Tom Jajo's Examination Under Oath revealed that he did not sign the application. By whom was it signed? Was this application signed in your presence or in the presence of one of your staff or by some other means?  Please advise immediately. Thank you

Sincerely,

**Stephen Greenfield**
**President of Operations**
**PrimeOne Insurance Company**
Office: (385) 258-2740 | Fax: (385) 415-1769 | Mobile: (801) 885-6444 | www.primeoneinsurance.com
136 E. South Temple #1400, Salt Lake City, UT 84111 | NAIC # 13721 | Disclaimer & Confidentiality



(See Appdx Ex. 17).

The above communications, documents and testimony are indisputable and satisfy Plaintiff's burden of presenting clear and convincing evidence of the parties' mutual agreement to modify the 2017-2018 renewal policy of insurance to cover Plaintiff's interest in the covered property under the Lender's Loss Payable clause of the contract's *Loss Payable Provisions*.  Because Endorsement #04 was the product of a mutual modification, it is valid and enforceable.  See *Quality Prod. & Concepts Co.*, *supra.*

15

**B.** **Endorsements #05 and #06 are the product of Defendant's unilateral modification of the parties' insurance contract and are therefore invalid and unenforceable.**

Unlike mutual modification, "the principle of freedom to contract does not permit a party unilaterally to alter the original contract." *Quality Prod. & Concepts Co.*, supra., at 364. A unilateral modification fails because it lacks mutuality. *Id.* at 373.

In the present case, after issuing Endorsement #04 on March 27, 2019, and affirming its intent in its May 24, 2019 email to the Agent to cover Plaintiff's interest in the covered property under the Lender's Loss Payable clause of the *Loss Payable Provisions* of the policy of insurance, Defendant made an abrupt about-face weeks later and issued Endorsements #05 and #06 on June 12, 2019. Endorsement #05 "flat canceled" Endorsement #04 and purported to void Plaintiff's Lender's Loss Payable coverage. (See Appdx Ex. 18). In its place, Defendant issued Endorsement #06 purporting to add Plaintiff as a Contract of Sale loss payee to the Building and Personal Property Coverage Form of the policy of insurance. (See Ex. 20).

Defendant's contemporaneous internal emails and Mr. Greenfield's testimony establish that Defendant's issuance of Endorsements #05 and #06 was unilateral. The decision involved only Defendant's employees and counsel, and was made without Plaintiff's knowledge or consent:

16

**From:** Tracey Carter <tcarter@primeoneinsurance.com>
**Sent:** Tuesday, June 11, 2019 10:00 AM
**To:** 'David Berkal' <dberkal@mcbpc.com>
**Cc:** Stephen Greenfield <sgreenfield@primeoneinsurance.com>
**Subject:** RE: Edition BC / GL180022

███████████████████████████████████████████████

＊ ＊ ＊

███████████████████████████████████████████████

On Jun 11, 2019, at 12:30 PM, Tracey Carter <tcarter@primeoneinsurance.com> wrote:

Steve,

Are you available sometime either today or early morning or later afternoon tomorrow (ET) to discuss the subject claim? Primarily discussion would relate to the status of any loss payees. Attached please find materials for your review pertinent to such a discussion.

Sincerely,

＊ ＊ ＊

**From:** Stephen Greenfield <sgreenfield@primeoneinsurance.com>
**Sent:** Wednesday, June 12, 2019 2:17 PM
**To:** Stacey Schwenk <sschwenk@thorsoninsurance.com>
**Cc:** Tracey Carter <tcarter@primeoneinsurance.com>
**Subject:** FW: Edition BC / GL180022 / PPK0002242-17

Stacey, ████████████████████████████ please move forward to prepare the following amended endorsements for the above account effective March 6, 2018 (1 day before the Date of Loss) as per the below information. ████████████████████████

For policy number PPK0002242-17 as follows:
- ZMCC Properties LLC should have been listed as "Contract of Sale", not as a Loss Payee and
- Conant Property Management should have been listed as a Loss Payee, not as a Mortgage Holder.

As well, please put together all written notes/communications/e-mails exchanged with the broker involving the renewal of the above policy, which obviously would have begun before the actual effective date of the above policy number.

████████████████████████████████████████████████

Stephen Greenfield

(Appdx Ex. 18, redactions made by Defendant).

17

Mr. Greenfield's testimony confirms that the decision to issue Endorsements #05 and #06 was made unilaterally by Defendant:

> Q.     Okay.  So do you recall the specifics of any conversation that you had with Tracey in that time frame of June 11th when he requested to talk to you about it, about factually what was different about your understanding of the relationship between the parties?
>
> **A.     I don't – I don't recall enough about the specific, you know, discussion per se.**
>
> Q.     Okay.  Whatever it was being discussed at that time, ultimately a conclusion was reached that the endorsements -- additional endorsements should be issued, correct?
>
> **A.     Correct, yeah.  Like I say, I only remember that it ended up that there was a determination that the -- that it would be best defined by ZMCC contract sale, not the loss payee, which was previously, so that's the purpose for having canceled the endorsement for –**
>
> * * *
>
> Q.     So how was it that you arrived at the conclusion that that was the appropriate coverage for the relationship of the parties?
>
> **A.     Just based on discussion among Tracey, Dave Berkal, and myself.**

(S. Greenfield dep., pp. 112:14-113:5, 113:13-113:21, Appdx Ex. 24).

Mr. Greenfield denied that this unilateral modification had any connection to its decision to deny the named insured's claim:

> Q.     Did your consideration of how to endorse the policy correctly have anything to do with Primeone's exposure to liability on additions arising from Edition's claim?
>
> **A.     No.**

18

(S. Greenfield dep., p. 115:12-115:16, Appdx Ex. 24).  However, within hours of instructing Defendant's underwriter to issue Endorsements #05 and #06 (which, if enforceable, would eliminate Plaintiff's independent right to payment regardless of the named insured's alleged misconduct), Mr. Greenfield authorized the denial of the named insured's claim:[2]

From: Tracey Carter <tcarter@primeoneinsurance.com>
Sent: Wednesday, June 12, 2019 3:04 PM
To: Stephen Greenfield <sgreenfield@primeoneinsurance.com>
Subject: Edition BC, LLC / GL180022

Steve,

As discussed, attached please find the company status letter and the proposed denial letter regarding the subject matter.

Thanks,

\*\*\*

| From: | Stephen Greenfield |
| Sent: | Wednesday, June 12, 2019 6:10 PM |
| To: | Tracey Carter |
| Subject: | RE: Edition BC, LLC / GL180022 |

Tracey, please consider this as your approval to proceed. Thank you

**Stephen Greenfield**
**President of Operations**
**PrimeOne Insurance Company**
Office: (385) 258-2740 | Fax: (385) 415-1769 | Mobile: (801) 885-6444 | www.primeoneinsurance.com
136 E. South Temple #1400, Salt Lake City, UT 84111 | NAIC # 13721 | Disclaimer & Confidentiality

P PRIMEONE

(See Appdx Ex. 18, redaction made by Defendant).  After learning that Defendant had denied the named insured's claim, Plaintiff sought assurances that its claim as

---

[2]       The proximity of these two acts undermine the credibility of Mr. Greenfield's testimony that Defendant's unilateral modification of the parties' contract had any connection to Defendant's denial of the named insured's claim.

mortgagee would be paid and protested Defendant's issuance of Endorsements #05 and #06.  (See Appdx Ex. 22).

The above evidence establishes that Defendant's issuance of Endorsements #05 and #06 was a unilateral attempt to modify the parties' contract to reduce Plaintiff's coverage and avoid liability after the named insured's claim was formally denied.  In order to enforce Endorsements #05 and #06, Defendant has the burden of proving by clear and convincing evidence that Plaintiff consented to these endorsements.  This evidence does not exist.  Further, since the Endorsements #05 and #06 were issued without consideration, they are invalid and unenforceable pursuant to MCL 566.1 because Plaintiff did not sign them.

**C.   Unlike the Contract of Sale clause, the Lender's Loss Payable clause correctly expressly describes Plaintiff's legal interest in the covered property.**

Although not dispositive as to enforceability of the subject modifications, it is worth observing that Defendant's purported rationale for making its unilateral modification was because the Contract of Sale clause "best defined" the legal relationship between Plaintiff and the named insured.  (See S. Greenfield dep., p. 113:1-113:5, Appdx Ex. 24).  It does not.

The Lender's Loss Payable provision expressly states that it is applicable to a creditor whose interest in Covered Property is established by a written instrument such as a contract for deed:

### C.   LENDER'S LOSS PAYABLE

    **1.**    The Loss Payee shown in the Schedule or in the Declarations is a **<u>creditor</u>**, including a mortgageholder or trustee, **<u>whose interest in Covered Property is established by such written instrument as</u>**:

        **a.**    Warehouse receipts;

        **b.**    **<u>A contract for deed</u>**;

        **c.**    Bills of lading;

        **d.**    Financing statements; or

        **e.**    Mortgages, deeds of trust, or security agreements.

(Policy Excerpt - Lender's Loss Payable Clause, emphasis added, Appdx Ex. 25).

Plaintiff's land contract with the named insured's landlord, Conant Property Management, LLC, satisfies the Lender's Loss Payable clause's description that the loss payee's interest in the covered property is established by a written instrument, specifically a contract for deed. Additionally, because Edition BC Owners, LLC, personally guaranteed the terms of the land contract and established a creditor/debtor relationship, the description that the loss payee is a creditor of the name insured is likewise satisfied.

In contrast, the Contract of Sale clause, by its terms, fails to accurately describe the legal relationship between Plaintiff and the named insured. The Contract of Sale clause contemplates that the named insured and the loss payee have entered into a contract for the sale of covered property:

### D.   CONTRACT OF SALE

    **1.**    <u>The Loss Payee shown in the Schedule or in the Declarations is a person or organization you have entered</u>

> > <u>a contract with for the sale of Covered Property.</u>
>
> **2.** For Covered Property in which both you and the Loss Payee have an insurable interest we will:
>
> > a. Adjust losses with you; and
> >
> > b. Pay any claim for loss or damage jointly to you and the Loss Payee, as interests may appear.
>
> **3.** The following is added to the OTHER INSURANCE Condition:
>
> > For Covered Property that is the subject of a contract of sale, the word "you" include the Loss Payee.

(Policy Excerpt – Contract of Sale Loss Payable Clause, emphasis added, Appdx Ex. 26). However, Plaintiff never contracted to sell the real property to the named insured. The land contract was between Plaintiff and Conant Property Management, LLC. The named insured did not purchase the covered property, but merely guaranteed the debt.

## III. <u>CONCLUSION</u>

The legal issue presented in this motion is a simple one: mutual modifications to a contract are valid and enforceable, whereas unilateral modifications are not. Additionally, regardless of its mutuality, a modification that lacks consideration, is invalid unless signed by the party against whom it is sought to be enforced. Plaintiff has presented incontrovertible documentary evidence that satisfies Plaintiff's burden of proving by clear and convincing evidence that Endorsement #04 was the product of a mutual modification and, therefore, enforceable. In contrast, there is no

evidence that Defendant can produce to support the validity of Endorsements #05 and #06.  Based on these undisputed facts and law, Plaintiff respectfully requests the Court to grant Plaintiff's motion for partial summary judgment and enter an order declaring the enforceability of Endorsement #04 and the invalidity of Endorsements #05 and #06, and award any such further relief the Court deems equitable and just under the circumstances.

Respectfully submitted,

*/s/ Jason J. Liss*
Jason J. Liss (P48742)
**Fabian, Sklar, King & Liss, P.C.**
Attorneys for Plaintiff
33450 W. Twelve Mile Road
Farmington Hills, MI  48331
(248) 553-2000
jliss@fabiansklar.com

Dated:  October 28, 2020

## CERTFICATE OF SERVICE

Susan Harwell-Okerstrom certifies and states that on October 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the United States District Court's CM/ECF filing system, which will send notification of such filing to the following:  David J. Berkal (dberkal@mcbpc.com).

/s/Susan E. Harwell-Okerstrom
Susan E. Harwell-Okerstrom
Paralegal
sharwell@fabiansklar.com