UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZMCC PROPERTIES, LLC,
a Michigan Limited Liability Company,

       Plaintiff,

vs.                                        Case No. 3:19-cv-12428-RHC-EAS
                                           Hon. Robert H. Cleland
                                           Mag. Judge Elizabeth A. Stafford

PRIMEONE INSURANCE COMPANY,
a California corporation,

       Defendant.
_____/

**REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56**

## **COUNTERSTATEMENT OF ADDITIONAL FACTS**

28. Denied in the manner and form alleged. The emails Plaintiff subpoenaed from the insurance agency do not include the document attached as Defendant's Appdx. 3 (ECF No. 40-4, PageID.1476-1479). Per the bates number on Defendant's Appdx. 3, it was taken from Defendant's claim file and was attached to an April 9, 2019 email from Defendant's underwriter to its claim representative. (PrimeOne Internal Email, dated 4/9/19, Appdx Ex. 27).

29. Plaintiff can neither admit nor deny allegation because the *Acord Applicant Information Section* form attached as Defendant's Appdx. 4 pertains to the Lessor's Risk policy issued to Conant Property Management, LLC (see ECF No. 42, PageID.1549), which is neither at issue in this action nor the subject of the Endorsements 4, 5 and 6 at issue in this motion.

30. Admitted, except that Defendant's Appdx. 5 does not contain the form to which it refers. The referenced Loss Payable Provisions form identifies Plaintiff as "Loss Payable" as opposed to "Loss Payee." (2016-2017 Policy, Loss Payable Provisions, Appdx Ex. 28). This difference is not material to the issues raised in this motion.

31. Admitted.

32. Plaintiff admits PrimeOne was not contacted about the extent of coverage before the March 2018 loss.

33. Plaintiff admits that the referenced application was submitted, that it did not request any coverage for Plaintiff's interest and that the subsequent renewal policy provided no coverage to Plaintiff before the subject loss.

34. Admitted.

35. Admitted.

36. Admitted, but the CGL endorsement issued post loss (ECF No. 40-10, PageID.1508) is not the same form issued as a part of the 2016-2017 policy (ECF No. 40-5, PageID.1491-1492). However, the difference between the two forms is not material to the issues raised in this motion.

37. Admitted.

38. Denied. Mr. Greenfield testified that after Defendant issued Endorsement #04, he allegedly reached a different conclusion of the "true" relationship of the parties based on the same information he previously reviewed before Defendant issued Endorsement #04. (S. Greenfield dep., pp. 121:9-123:11, ECF No. 40-3, Page ID.1471).

## LAW AND ARGUMENT

Defendant admits both the existence of Endorsement #04 and the fact that it was a <u>mutual</u> modification of the parties' contract.[1] Defendant additionally admits

---

[1] Defendant's brief, p. 11: "… when [PrimeOne] agreed with Plaintiff's request to issue Endorsement #04." (ECF No. 40, PageID.1406).

2

Endorsements #05 and #06 were <u>unilateral</u> modifications of the parties' contract, made <u>without</u> Plaintiff's prior knowledge or consent.[2] Plaintiff argues in its motion that a mutual modification is enforceable and a unilateral modification is not enforceable unless signed by the party against whom it is to be enforced. In its response, Defendant ignored this argument, thereby tacitly conceding it.

Defendant's opposition to Plaintiff's motion is based on its bare assertion, without evidence or explanation, that it did not intend to waive its "right to rely on the original provisions of the insurance policy issued to the named insured, Edition BC Owners, LLC, providing coverage to Plaintiff under the property section of the policy merely as a Loss Payee."[3] (EFC No. 40, PageID.1405). This bare assertion cannot be reconciled with the express language of Endorsement #04, which states the policy is amended to add Plaintiff as a Lender's Loss Payable under the Building and Personal Property Coverage Form and that "all <u>other</u> terms and conditions remain the same." (Emphasis added). Defendant fails to explain how Endorsement #04, which it voluntarily issued and signed, can be interpreted as anything other than an intentional relinquishment of a known right.

---

[2] Defendant's brief, p. 12: "PrimeOne cancelled Endorsement #04 and issued Endorsement #06…" (ECF No. 40, PageID.1407).

[3] It is unclear whether Defendant is referring to the expired 2016-2017 policy or to its post-loss Endorsement #02 adding Plaintiff as a "Loss Payable" to the 2017-2018 policy. (ECF No. 40-10, Page ID.1506).

Defendant does not dispute it knowingly added Plaintiff to the 2017-2018 policy by issuing post-loss Endorsements #01 and #02, which insured Plaintiff as a Loss Payable under the property coverage form and an Additional Insured under the commercial general liability coverage form.  Defendant does not dispute it knowingly replaced Plaintiff's coverage as a Loss Payable under the property coverage form with coverage as a Lender's Loss Payable when it issued post-loss Endorsement #04.  Instead, Defendant argues it misunderstood the "true" nature of the parties' relationships.  Even if this were true, which is unlikely, it is of no consequence, since at most Defendant implies it made a unilateral mistake.[4]  However, Defendant does not allege fraud or inequitable conduct that could justify the reformation of the parties' contract.[5]  More significantly, Defendant does not request that equitable relief.

## CONCLUSION

Plaintiff has met its burden of production of establishing that Endorsement #04, which insured Plaintiff as a Lender's Loss Payable under the Loss Payable

---

[4]  See Defendant's brief, p. 12: "Stephen Greenfield, did not fully appreciate the true nature of relationship between ZMCC, Edition BC Owners and Conant Property Management until after he approved the issuance of Endorsement #04." (ECF No. 40, Page ID.1407).

[5]  Reformation is an equitable remedy that is available when there has been a mutual mistake of fact, a mutual mistake of law, or a unilateral mistake of fact by one party and fraud or inequitable conduct by the other. *Johnson Family Ltd. P'ship v. White Pine Wireless, LLC*, 281 Mich. App. 364, 379-381, 761 N.W.2d 353, 363 (2008).

4

Provisions of the insurance policy's property coverage, is an enforceable modification of the parties' contract.  Defendant has failed to meet its burden of production of identifying specific facts rebutting Plaintiff's argument that Endorsement #04 is an enforceable modification of the parties' contract.  Defendant's bare assertion that it did not intend to waive any of its rights when it agreed to mutually modify the parties' contract to add Plaintiff as a Lender's Loss Payable is wholly inconsistent with and unsupported by the express language of Endorsement #04 and does not create a genuine issue of material fact.

In sum, Defendant offers the Court no grounds for denying Plaintiff's motion for partial summary judgment.  Therefore, Plaintiff respectfully requests the Court to grant Plaintiff's motion for partial summary judgment and enter an order declaring Plaintiff's coverage under the subject 2017-2018 policy of insurance as a Lender's Loss Payable.

                                  Respectfully submitted,

                                  */s/ Jason J. Liss*
                                  Jason J. Liss (P48742)
                                  **Fabian, Sklar, King & Liss, P.C.**
                                  Attorneys for Plaintiff
                                  33450 W. Twelve Mile Road
                                  Farmington Hills, MI  48331
                                  (248) 553-2000
                                  jliss@fabiansklar.com

Dated:  December 9, 2020

## **CERTFICATE OF SERVICE**

Susan Harwell-Okerstrom certifies and states that on **December 9, 2020**, I electronically filed the foregoing document with the Clerk of the Court using the United States District Court's CM/ECF filing system, which will send notification of such filing to the following: David J. Berkal (dberkal@mcbpc.com).

>*/s/ Susan E. Harwell-Okerstrom*
>Susan E. Harwell-Okerstrom
>sharwell@fabiansklar.com